UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| EUGENIA LASHON BODIFORD, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:15-cv-00391-JTN-PJG |
| v. ) | |
| ) | Honorable Janet T. Neff |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On December 3, 2012, plaintiff protectively filed her applications for DIB and SSI benefits. (Op. at 1, ECF No. 7-2, PageID.65). She initially alleged an October 21, 2009, onset of disability. (PageID.234, 238). She later amended her claims to allege a November 3, 2012, onset of disability. (PageID.295).

Plaintiff's claims were denied on initial review. On June 9, 2014, she received a hearing before an administrative law judge (ALJ). (PageID.81-128). On June 27, 2014, the ALJ issued his decision finding that plaintiff was not disabled. (Op. at 9, PageID.73). On January 6, 2015, the Appeals Council denied review (PageID.44-48), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following three grounds:

1. The ALJ erroneously gave no weight to a treating physician.

2. The ALJ adopted an erroneous residual function capacity (RFC).

3. The ALJ made an erroneous Step 5 Finding.

(Plf. Br. at 12-20, ECF No. 12, PageID.1327-35).

For the reasons articulated below, I find that the ALJ erred in failing to provide "good reasons" for assigning no weight to the treating physician's opinion. Accordingly, I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings. Given this finding of error, I need not address the remaining issues.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007).

The scope of the court's review is limited. *Buxton v. Halter*, 246 F.3d at 772. The court does not review the evidence *de novo*; it does not resolve conflicts in evidence; and it does not make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton v. Halter*, 246 F.3d at 772-73; *see also Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). But "[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

## ALJ's Findings

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act through December 31, 2014. (Op. at 3, PageID.67). Plaintiff had not engaged in substantial gainful activity since November 3, 2012. (*Id.*). Plaintiff has the following severe impairments: "status-post cerebrovascular accidents, diabetes mellitus with retinopathy, vascular disease, major depression, an anxiety disorder, and

cognitive disorder." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment. (*Id.* at 4, PageID.68). The ALJ found that plaintiff retained the residual functional capacity (RFC) to perform "light work," except:

> she can never climb ropes, ladders, or scaffolds; frequently balance, stoop, kneel, crouch, crawl, or climb ramps or stairs; with only occasional exposure to hazards; in simple, routine, and repetitive tasks with occasional[] public interaction or changes in work setting.

(Op. at 5, PageID.69). The ALJ found that plaintiff's statements regarding her subjective limitations were "not entirely credible." (*Id.* at 6, PageID.70).

Plaintiff was unable to perform any past relevant work as a collections clerk. (*Id.* at 7, PageID.71). Plaintiff was 40 years old as of the date of her amended alleged onset of disability and 42 years old on the date of the ALJ's decision. In response to a hypothetical question regarding a person of plaintiff's age, and with her RFC, education, and work experience, the vocational expert testified that there were a significant number of jobs in the national economy that plaintiff would be capable of performing. (*Id.*). Accordingly, the ALJ determined that plaintiff was not disabled. (*Id.* at 9, PageID.73).

**Discussion**

Plaintiff argues that the ALJ erred in failing to give any weight to the opinion of her treating physician, John W. Gobel, D.O. (Plf. Br. at 12-15, Page ID.1327-30; Reply Br. at 1-3, Page ID.1353-55). The opinion at issue is found in a Physical Residual Function Capacity (RFC) Report Dr. Gobel prepared on January 14, 2014. (PageID.1244-47). Dr. Gobel began treating plaintiff in "late 2012." (PageID.1244).

By way of relevant medical history, plaintiff suffered a "cerebralvascular accident" (a stroke),[1] on July 28, 2007, during the fifteenth week of a pregnancy. (PageID.502). She was diagnosed with, among other things, "chronic hypertension with hypertensive emergency." (*Id.*). On November 3, 2012, the amended alleged date of onset of disability, plaintiff suffered another stroke, and she was hospitalized for two weeks. (PageID.299-342). She spent two weeks thereafter in a rehabilitation center. (PageID.791-1036). On December 31, 2012, plaintiff was again hospitalized for five days with a hypertensive emergency; her blood pressure was "markedly elevated," with a systolic reading of more than 200 and a diastolic reading of more than 100. (PageID.366-67).

Ten days after her discharge, Dr. Gobel referred plaintiff to the emergency room due to another hypertensive emergency, with systolic and diastolic readings of 217 and 138, respectively. (PageID.373). Plaintiff was hospitalized for five days (PageID.1088-

---

[1] A "cardiovascular accident" (CVA) is "[t]he sudden death of some brain cells due to lack of oxygen when the blood flow to the brain is impaired by blockage or rupture of an artery to the brain. A CVA is also referred to as a stroke." www.medicinenet.com/script/main/art.asp?articlekey=2676.

1181), during which a CT scan of her brain revealed "[e]xtensive microvascular ischemic changes."[2] (PageID.370-71).

In his January 14, 2014, Physical RFC Report, Dr. Gobel diagnosed, among other things, "hypertensive emergency" and "hypertensive encephalopathy,"[3] noting plaintiff suffered strokes in 2007 and 2012. (PageID.1244). He noted, by way of clinical findings, that plaintiff suffered "cognitive deficit post stroke," which was reflected in an MRI conducted at the University of Michigan. (*Id.*). Dr. Gobel opined that plaintiff's experience of pain or other symptoms were severe enough to "occasionally" interfere with the attention and concentration needed to perform even simple work tasks. (PageID.1245). He also opined that plaintiff could sit for only two hours at a time, and that she could stand for no more than thirty minutes. (*Id.*).

The ALJ concluded that Dr. Gobel's RFC opinion "is not reliable, credible, controlling, or entitled to any weight." (Op. at 7, PageID.71). The only explanation the ALJ gave for this conclusion is that "[t]he opinion is inconsistent with the overall evidence of record, and is not even supported by any clinical findings of Dr. Gobel, himself." (*Id.*). The ALJ offered no explanation, much less any record citation, as to

---

[2] "Ischemic changes are areas in the brain tissue that have died from lack of blood flow. Microvascular changes are so small that the disease may never cause any symptoms . . . . In the presence of other conditions, [however], this may lead to stroke, dementia, or other neurological issues." www.md-health.com/Chronic-Microvascular-Ischemic-Disease.html.

[3] "Encephalopathy is a general term that means brain disease, damage, or malfunction." www.medicinenet.com/encephalopathy/article.htm.

what evidence the ALJ found that purportedly contradicts Dr. Gobel's opinion; nor does the ALJ provide any reason for discounting the credibility of Dr. Gobel's opinion.

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see Gayheart v. Commissioner*, 710 F.3d at 376.

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

Moreover, the Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Gayheart v. Commissioner*, 710 F.3d at 376; *Cole v. Astrue*, 661 F.3d at 937-38; *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). The reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight." SSR 96-2p, 1996 WL 374188 at *5; *see Gayheart v. Commissioner*, 710 F.3d at 376. This procedural requirement exists, in part, so that claimants "understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith v. Commissioner*, 482 F.3d at 876; *see also Gayheart v. Commissioner*, 710 F.3d at 376 ("This procedural requirement 'ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule' ". (quoting *Wilson v. Commissioner*, 378 F.3d at 544)).

In this case, the ALJ's conclusory statement that Dr. Gobel's opinion "is inconsistent with the overall evidence of record"[4] (Op. at 7, PageID.71) falls short of the

---

[4]As note above, the ALJ added that the opinion "is not even supported by any clinical findings of Dr. Gobel himself." (Op. at 7, PageID.71). But, under "clinical findings and objective signs," Dr. Gobel notes: "cognitive deficit post stroke," citing a University of Michigan MRI, and he describes plaintiff's symptoms as "lower extremity weakness" and "at times dizzy light headed headaches." (PageID.1244) (*Id.*). This Court is in no position to evaluate the sufficiency of Dr. Gobel's noted findings; that is the job of the ALJ. But the Court *is* in the position to determine that the ALJ has failed to explain his conclusion in a manner sufficient to provide meaningful review.

procedural requirements of the treating physician rule. *See Cole v. Astrue*, 661 F.3d at 939 ("This Court has made clear that "[w]e do not hesitate to remand when the Commissioner has not provided 'good reasons' . . . [that] comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.'" (quoting *Hensley v. Astrue*, 573 F.3d 263, 267 (6th Cir. 2009) (other citations omitted))). While "the lines of demarcation" are not always clear regarding which reasons are sufficient to satisfy the "good reasons" procedural requirement, *DeLong v. Commissioner*, 748 F.3d 723, 728 (6th Cir. 2014), the fatal flaw here is the ALJ's failure to provide any specificity regarding his reasons, coupled with the absence of any citation to, much less explanation of, the purportedly inconsistent record evidence. *See Gayheart v. Commissioner*, 710 F.3d at 376 ("[The good] reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reasons for that weight.'" (quoting SSR 96-2p, 1996 WL 374188 at *5)).

In support of the ALJ's decision to give no weight to Dr. Gobel's opinion, the Commissioner points to the fact that the ALJ credited the opinion of the state agency consultative examiner. (Def's Br. at 8, ECF No. 13, PageID.1346 (citing Op. at 7, PageID.71)). An ALJ may, in appropriate circumstances, give greater credit to the opinions of state agency medical consultants than those of a treating source, *see* SSR 96-2p, 1996 WL 374180, at *3, but it is not a substitute for the "good reasons" analysis required by the treating physician rule. *Cf. Gayheart v. Commissioner*, 710 F.3d at 379-80 ("To be sure, a properly balanced analysis might allow the Commissioner to

ultimately defer more to the opinions of consultative doctors than those of treating physicians. But the regulations do not allow the application of greater scrutiny to a treating-source opinion as a means to justify giving such an opinion little weight. Indeed they call for just the opposite.") (internal quotation of SSR 96-2p omitted).

The Commissioner's attempt to provide the "good reasons" analysis on behalf of the ALJ (*see* Def's Br. at 9, PageID.1347) is unavailing. It is the ALJ's job to conduct that analysis and to properly explain his reasons. *See* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."); 20 C.F.R. § 416.927(c)(2) (same); *see also Cole v. Astrue*, 661 F.3d at 937 ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.").

As a final note, the ALJ's gratuitous criticism of Dr. Gobel is inexplicable. In an apparent reference to Dr. Gobel's opinion regarding plaintiff's "occasional" ability to maintain attention and concentration (*see* PageID.1245), the ALJ stated: "It is particularly outlandish to think that this doctor has the ability to divine the nature and intensity of the pain of some other human being (claimant)." (Op. at 7, PageID.71). First, there is nothing outlandish about a physician assessing the nature and intensity of his patient's symptoms, including pain. The Social Security Administration recognizes this as part of rendering a medical opinion. *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms . . . .").

Second, the ALJ simply assumes that Dr. Gobel's opinion regarding plaintiff's "occasional" ability to maintain attention and concentration was based solely on his assessment of her pain. That opinion was in response to a question asking whether plaintiff's "experience of pain *or other symptoms* [were] severe enough to interfere with [the] attention and concentration needed to perform even simple work tasks." (PageID.1245) (emphasis supplied). Dr. Gobel noted plaintiff's symptoms included "at times dizzy light headed headaches." (PageID.1244). The disjunctive nature of the Physical RFC Report question is unhelpful, but so is the ALJ's assumption that the medical opinion was based solely on Dr. Gobel's assessment of plaintiff's pain.[5]

While describing the ALJ's comment regarding Dr. Gobel as "perplexing," the Commissioner essentially argues that this comment alone does not warrant a remand. (Def's Br. at 8, ECF No. 13, PageID.1346). Instead, the Commissioner contends that, "[d]espite this comment . . . the ALJ had a sufficient basis for rejecting Dr. Gobel's opinion." (*Id.*). The Commissioner is partly correct.

I agree that the ALJ's comment is perplexing. I also agree that, by itself, it does not warrant a remand. But the ALJ's failure to provide a sufficient explanation of his decision to give no weight to Dr. Gobel's opinion does. The ALJ's opinion lacks the type

---

[5] In an analogous context, the Social Security Administration ruled that "[t]he explanation of the decision must describe the weight attributed to the pertinent medical and non-medical factors in the case and reconcile any significant inconsistencies. Reasonable inferences may be drawn, but presumptions, speculations and suppositions must not be used." *Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General*, SSR 82-62 (SSA 1982) (reprinted at 1982 WL 31386, at * 4).

of focused, comprehensive analysis of the treating physician's opinion necessary to survive scrutiny under the "good reasons" regulations, 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), as applied by the Sixth Circuit. *See Gayheart v. Commissioner*, 710 F.3d at 377-80.

## Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings.

Date: May 22, 2016                     Respectfully submitted,

                                         /s/ Phillip J. Green
                                       PHILLIP J. GREEN
                                       United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).