UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENIA BODIFORD,

    Plaintiff,                      Hon. Janet T. Neff

v.                                            Case No. 1:15-cv-391

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 22). Plaintiff's counsel, Meredith Marcus, seeks $9,997.50 in fees, as detailed in her application. Defendant does not oppose counsel's request. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that counsel's motion be granted.

Represented by Marcus, Plaintiff initiated this action challenging the Commissioner's decision that she was not entitled to disability benefits. On June 9, 2016, the Commissioner's decision was vacated and the matter remanded for further administrative proceedings. (ECF No. 15-17). Counsel later moved for an award under the Equal Access to Justice Act (EAJA). A judgment in Plaintiff's favor was subsequently entered in the amount of $6,610.75. Following remand, Plaintiff was found to be disabled and awarded $79,990.00 in back benefits. (ECF No. 22, PageID.1466-71).

It is routine for the Commissioner, when awarding back benefits, to withhold 25 percent of such to potentially compensate the claimant's attorneys. In this case, 25 percent of Plaintiff's back benefits award equaled $19,997.50. According to Marcus, Plaintiff was represented on remand by different counsel, who is seeking payment in the amount of $10,000 to be paid from the amount withheld from Plaintiff's back benefits award. (ECF No. 22, PageID.1457). While Marcus has not submitted documentation confirming this, her representation is consistent with documentation from the Commissioner indicating that $9,997.50 has been withheld from Plaintiff's back benefit award for the specific purpose of compensating Marcus for her work in this matter. (ECF No. 22, PageID.1464-65). Marcus now moves the Court to award her $9,997.50 in fees.

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). There exists "a rebuttable presumption of reasonableness to contingency-fee arrangements that comply with § 406(b)'s 25-percent cap." *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014). Nevertheless, counsel is not automatically entitled to 25 percent of his client's past-due benefits. Instead, the Court has an independent obligation to assess the reasonable of a request for attorney fees. *See Gisbrecht*, 535 U.S. at 807 ("§ 406(b) calls for court review of [contingent-fee agreements] as an independent check, to assure

that they yield reasonable results in particular cases"). The burden to establish that a fee request is reasonable rests with counsel. *Ibid.*

In no small part because of Marcus' efforts, Plaintiff was awarded disability benefits including a sizeable payment of back benefits. There is neither evidence nor suggestion that counsel's work in this matter was sub-standard or otherwise deficient. Counsel's request is also consistent with the contingent fee agreement into which she and Plaintiff entered. The requested award does not equate to an unreasonable hourly rate or otherwise result in an unfair windfall to counsel. The Court must also take into consideration the general risk associated with contingent fee cases. *See, e.g., Ballatore v. Commissioner of Social Security*, 2015 WL 5830836 at *5 (E.D. Mich., Aug. 5, 2015) (one consideration in the windfall analysis is whether counsel obtained a large award with minimal risk). Considering the relevant circumstances, the Court finds counsel's request to be reasonable.

The Court must also briefly address the issue of the timeliness of counsel's motion. Pursuant to Local Rule of Civil Procedure 54.2(b), motions for attorney's fees under 42 U.S.C. § 406(b) must be filed within 35 days after "the date shown on the face of the Notice of Award issued by the Social Security Administration." W.D. Mich. LCivR 54.2(b). Counsel concedes that her motion is untimely if measured against the date of the Notice of Award issued to Plaintiff. Nevertheless, counsel asserts that, because she did not represent Plaintiff following remand, she was not notified when Plaintiff was ultimately awarded benefits. Counsel asserts that she did not learn that Plaintiff was awarded

benefits until August 25, 2020. Counsel's description of events is plausible and the Court has no reason to doubt the veracity of counsel's assertions. The undersigned, therefore, concludes that counsel's motion, filed less than 35 days after she learned that Plaintiff was awarded benefits, is timely. *See, e.g., Eppinga v. Commissioner*, 2019 WL 1242706 at *1 (W.D. Mich., Jan. 4, 2019) (a motion for fees pursuant to § 406(b) is timely if submitted "within a reasonable period of time. . .after receiving notice that the claimant has been awarded disability benefits").

While counsel is entitled to receive a portion of Plaintiff's past-due benefits, any award pursuant to § 406(b) must account for any amounts previously paid to counsel pursuant to the EAJA. *See Gisbrecht*, 535 U.S. at 795-96 (where counsel receives a fee award pursuant to both the EAJA and 42 U.S.C. § 406(b), she must "[r]efund to the claimant the amount of the smaller fee"). The Court previously awarded $6,610.75 in EAJA fees. While not clearly stated, implicit in Marcus' argument is that this amount was ultimately paid to her pursuant to her fee agreement with Plaintiff. Counsel acknowledges that this amount must now be refunded to Plaintiff.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 22) be granted and counsel, Meredith Marcus, be awarded $9,997.50. The undersigned further recommends that counsel be ordered to refund to Plaintiff the $6,610.75 previously awarded in EAJA fees.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: October 1, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge